UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JONATHAN N. LANE,

      Petitioner,

          v.                                                   CAUSE NO. 1:26-CV-200-GSL-AZ

SHERIFF,

      Respondent.

OPINION AND ORDER

Jonathan N. Lane, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for conversion, criminal mischief, and attempted residential entry under Case No. 02D05-2512-F5-453.[1] Following a bench trial, on April 10, 2026, the Allen Superior Court sentenced him to two years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Indiana courts have explained a convicted individual's judicial remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> convictions must be based on grounds enumerated in the postconviction
> rules. If an issue was known and available, but not raised on direct appeal,
> it is waived. If it was raised on appeal, but decided adversely, it is res
> judicata. If not raised on direct appeal, a claim of ineffective assistance of
> trial counsel is properly presented in a postconviction proceeding. A claim
> of ineffective assistance of appellate counsel is also an appropriate issue
> for postconviction review. As a general rule, however, most free-standing
> claims of error are not available in a postconviction proceeding because of
> the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). According to the State court

docket, Lane has initiated a direct appeal in Case No. 26A-CR-1044 and post-conviction

proceedings in Case No. 02D06-2604-PC-24, but neither of these proceedings has

reached their conclusion. Therefore, the court finds that Lane has not exhausted his

available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district

court [is required] to consider whether a stay is appropriate [because] the dismissal

would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d

721, 725 (7th Cir. 2006). Here, the one-year limitations period for federal habeas review

will not begin to run until the conclusion of Lane's direct appeal, and it will be tolled

until the conclusion of post-conviction proceedings. *See* 28 U.S.C. § 2244(d).

Consequently, dismissing this case will not effectively end Lane's chance at habeas

corpus review because he will have ample time to return to this court after he exhausts

his claims in State court. Therefore, a stay is not appropriate for this case, and the court

will dismiss the petition because the claims are unexhausted. However, the dismissal is

without prejudice to seeking habeas review once Lane finishes in State court.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Lane has exhausted his claims in State court. Therefore, a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Jonathan N. Lane a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 1, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3